**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE COMPANY | ) | CASE NO.: |
| 1299 Zurich Way, 5th Floor | ) | |
| Schaumburg, IL 60196-1056 | ) | |
| | ) | |
| Plaintiff | ) | JUDGE: |
| | ) | |
| v. | ) | |
| | ) | |
| PATTERSON-UTI DRILLING COMPANY, LLC | ) | **COMPLAINT FOR DECLARATORY** |
| c/o Capitol Corporate Services, Inc., Statutory Agent | ) | **JUDGMENT** |
| 4568 Mayfield Road, Suite 204 | ) | |
| Cleveland, OH 44121 | ) | |
| | ) | **[Jury Demand Endorsed Hereon]** |
| NEW TECH GLOBAL VENTURES, LLC | ) | |
| c/o Cogency Global Inc., Statutory Agent | ) | |
| 3958-D Brown Park Drive | ) | |
| Hilliard, OH 43026 | ) | |
| | ) | |
| CNX GAS COMPANY, LLC | ) | |
| c/o CT Corporation System, Statutory Agent | ) | |
| 4400 Easton Commons Way, Suite 125 | ) | |
| Columbus, OH 43219 | ) | |
| | ) | |
| CONSOL ENERGY INC. | ) | |
| c/o CT Corporation System, Statutory Agent | ) | |
| 4400 Easton Commons Way, Suite 125 | ) | |
| Columbus, OH 43219 | ) | |
| | ) | |
| HALLIBURTON ENERGY SERVICES, INC | ) | |
| c/o Capitol Corporate Services, Inc. | ) | |
| 4568 Mayfield Road, Suite 204 | ) | |
| Cleveland, OH 44121 | ) | |
| | ) | |
| MIKE'S POWER TONG SERVICES, LLC | ) | |
| c/o Michael Dilly, Statutory Agent | ) | |
| PO Box 264 | ) | |
| Warsaw, OH 43844 | ) | |
| | ) | |
| NATIONAL AMERICAN INSURANCE | ) | |
| COMPANY | ) | |
| c/o R. Patrick Gilmore, Statutory Agent | ) | |
| 1010 Manvel Avenue | ) | |
| Chandler OK 74834 | ) | |
| | ) | |
| | ) | |
| | ) | |

862352                                                          1

BLACKHAWK SPECIALTY TOOLS, LLC )
c/o Corporation Service Company )
50 West Broad Street, Suite 1330 )
Columbus, OH 43215 )
 )
FRANK'S INTERNATIONAL, LLC dba )
BLACKHAWK SPECIALTY TOOLS )
c/o Corporation Service Company )
50 West Broad Street, Suite 1330 )
Columbus, OH 43215 )
 )
ZACHARY T. MILLER, an incapacitated adult, by )
and through Catherine A. Miller, his natural mother, )
Guardian of Person and Estate and Conservator )
8556 Lawson Avenue )
Norfolk, VA 23503 )
 )
CATHERINE A. MILLER )
8556 Lawson Avenue )
Norfolk, VA 23503 )
 )
GLENN A. MILLER )
8556 Lawson Avenue )
Norfolk, VA 23503 )
 )
and )
 )
JOHN DOE INSURANCE COMPANIES #1-10, )
 )
   Defendants )
 )

Plaintiff Zurich American Insurance Company ("Zurich") states for its Complaint for

Declaratory Judgment against Defendants Patterson-UTI Drilling Company, LLC ("Patterson"),

New Tech Global Ventures, LLC ("New Tech"), CNX Gas Company, LLC ("CNX"), CONSOL

Energy Inc. ("CONSOL"), Halliburton Energy Services, Inc. ("Halliburton"), Mike's Power Tong

Services, LLC ("MPTS"), National American Insurance Company ("NAIC"), Blackhawk

Specialty Tools, LLC ("BST"), Blackhawk Specialty Tools, LLC ("Blackhawk"), Frank's

International, LLC dba Blackhawk Specialty Tools ("FI"), Zachary T. Miller, an incapacitated

adult, by and through Catherine A. Miller, his natural mother, Guardian of Person and Estate and

Conservator, Catherine A. Miller, Glenn A. Miller[1], John Doe Underlying Defendants #1-10, and John Doe Insurance Companies #1-10:

## I.      <u>PARTIES, JURISDICTION, AND VENUE</u>

1.       Zurich is a corporation organized pursuant to the laws of the State of New York, having its principal place of business in the State of Illinois, and at all times relevant hereto was engaged in the business of insurance in the State of Ohio.

2.       Patterson is a limited liability company organized pursuant to the laws of the State of Texas, having its principal place of business in the State of Texas; upon information and belief its members are citizens of a state other than New York and Illinois.

3.       New Tech is a limited liability company organized pursuant to the laws of the State of Texas, having its principal place of business in the State of Texas; upon information and belief its members are citizens of a state other than New York and Illinois.

4.       CNX is a limited liability company organized pursuant to the laws of the State of Virginia, having its principal place of business in the Commonwealth of Pennsylvania; upon information and belief its members are citizens of a state other than New York and Illinois.

5.       CONSOL is a corporation organized pursuant to the laws of the State of Delaware, having its principal place of business in the Commonwealth of Pennsylvania.

6.       Halliburton is a corporation organized pursuant to the laws of the State of Delaware, having its principal place of business in the State of Texas.

---

[1] Zachary T. Miller, an incapacitated adult, by and through Catherine A. Miller, his natural mother, Guardian of Person and Estate and Conservator, Catherine A. Miller, Glenn A. Miller will be collectively referred to as "the Millers".

7.     MPTS is a limited liability company organized pursuant to the laws of the State of Ohio, having its principal place of business in the State of Ohio; upon information and belief its members are citizens of a state other than New York and Illinois.

8.     NAIC is a corporation organized pursuant to the laws of Oklahoma, having its principal place of business in the State of Oklahoma, and at all times relevant hereto was engaged in the business of insurance in the State of Ohio.

9.     BST is a limited liability company organized pursuant to the laws of the State of Texas, having its principal place of business in the State of Texas; upon information and belief its members are citizens of a state other than New York and Illinois.

10.     FI is a limited liability company organized pursuant to the laws of the State of Texas, having its principal place of business in the State of Texas; upon information and belief its members are citizens of a state other than New York and Illinois.

11.     At all times relevant hereto, the Millers have been residents of the Commonwealth of Virginia; Catherine A. Miller is the Guardian of Person and Estate and Conservator of Zachary T. Miller.

12.     John Doe Underlying Defendants #1-10 are persons or entities who are co-defendants in litigation brought by the Millers. The identities of the John Doe Underlying Defendants #1-10 are unknown to Zurich despite due diligence.

13.     John Doe Insurance Companies #1-10 are insurance companies, who at all relevant times were engaged in the business of insurance within the State of Ohio. The identities of the John Doe Insurance Companies #1-10 are unknown to Zurich despite due diligence.

14.     The matter in controversy involves parties amongst whom complete diversity of citizenship exists and exceeds the sum value of $75,000.00, exclusive of interest and costs.

15. The matter in controversy involves a declaration of rights, duties, and obligations under an insurance policy pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201.

16. Venue of this matter is proper pursuant to 28 U.S.C. § 1391.

## II.    FACTS

17. Zurich issued Policy No. GLO 4886998-08 to Patterson, effective April 1, 2018 to April 1, 2019 ("Patterson Policy").

18. An authentic duplicate of the Patterson Policy is attached as Exhibit 1.

19. Zurich issued Policy No. GLO 0271984-00 to CNX, effective November 28, 2017 to November 28, 2018 ("CNX Policy").

20. An authentic duplicate of the CNX Policy is attached as Exhibit 2.

21. Zurich issued Policy No. GLO 4391263-07 to New Tech, effective July 1, 2017 to July 1, 2018 ("New Tech Policy").

22. An authentic duplicate of the New Tech Policy is attached as Exhibit 3.

23. Patterson and CNX entered into a Master Drilling Contract, dated May 13, 2014, which was to "control and govern all work performed by Contractor [Patterson] . . . for the drilling of wells".

24. An authentic duplicate of the Master Drilling Contract is attached as Exhibit 4.

25. New Tech and CNX entered into a Master Service Agreement on March 27, 2014 ("New Tech MSA"), which required New Tech to provide tools, equipment, materials, supplies, labor, and/or services required for assisting CNX in engaging in completions in the upstream oil and gas business.

26. An authentic duplicate of the New Tech MSA is attached as Exhibit 5.

27. Halliburton and CNX entered into a Master Service Agreement ("Halliburton MSA"), effective November 6, 2012, "in connection with oilfield services and oil and gas well control services and applications, including well firefighting, blowout control, and well capping."

28. An authentic duplicate of the Halliburton MSA is attached as Exhibit 6.

29. On or about July 17, 2019, the Millers filed suit against CNX, Halliburton, and John/Jane Doe #1-25, in the Court of Common Pleas for Monroe County, Ohio, Case No. 2019-227, seeking to recover in connection with injuries sustained by Zachary T. Miller during an incident on April 3, 2018, while Mr. Miller was employed by Patterson and working at a CNX natural gas well site in Monroe County, Ohio ("Miller Litigation").

30. An authentic duplicate of the complaint in the Miller Litigation is attached as Exhibit 7.

31. CONSOL, New Tech, MPTS, BST, and FI have all been named as defendants and/or third-party defendants in the Miller Litigation by way of amendment to the Millers' complaint and/or by way of CNX's third-party complaint.

32. CNX, CONSOL, New Tech, MPTS, and Halliburton have all demanded that Patterson and/or Zurich defend and indemnify them for the Miller Litigation based on the Master Drilling Contract between Patterson and CNX.

33. CNX, CONSOL, New Tech, MPTS, and Halliburton base their tender to Patterson and/or Zurich, *inter alia*, on Exhibit A of the Master Drilling Contract, Indemnity, which provides:

> EXCEPT AS EXPRESSLY PROVIDED OTHERWISE HEREIN, CONTRACTOR SHALL RELEASE OPERATOR, ITS CO-VENTURERS, CO-LESSEES, JOINT OWNERS, PARENT, AFFILIATES, SUBSIDIARY COMPANIES, CONTRACTORS AND SUBCONTRACTORS OF ANY TIER * * * (OPERATOR GROUP), OF ANY LIABILITY FOR AND SHALL PROTECT, DEFEND, AND INDEMNIFY OPERATOR GROUP FROM AND AGAINST ANY AND ALL CLAIMS, DEMANDS, AND CAUSES OF ACTION OF EVERY

KIND AND CHARACTER WITHOUT LIMIT AND WITHOUT
REGARD TO THE CAUSE OR CAUSES THEREOF OR THE
NEGLIGENCE OF ANY PARTY OR PARTIES, ARISING IN
CONNECTION HEREWITH IN FAVOR OF ANY MEMBERS OF THE
CONTRACTOR GROUP OR ANY INVITEE OF CONTRACTOR
GROUP ON ACCOUNT OF DAMAGES TO OR LOSS OF PROPERTY
OF ANY MEMBER OF CONTRACTOR GROUP AND/OR BODILY
INJURY, ILLNESS OR DEATH OF ANY MEMBER OF CONTRACTOR
GROUP. CONTRACTOR SHALL INDEMNIFY OPERATOR GROUP
FOR ANY OF THE FOREGOING CLAIMS MADE BY THE
CONTRACTOR'S       EMPLOYEES       NOTWITHSTANDING
CONTRACTOR BEING AFFORDED IMMUNITY FROM ITS
EMPLOYEES' CLAIMS BY REASON OF BEING A SUBSCRIBER
UNDER THE WORKERS' COMPENSATION ACT.

34.     Section 20.12 of the Master Drilling Contract provides that the indemnification and

assumptions of liability in the Contract "shall not be deemed to create any rights to indemnification

in any person or entity not a party to the [Contract], either as a third party beneficiary or by reason

of any agreement of indemnity between one of the parties hereto and another person or entity not

a part to this [Contract]."

35.     Exhibit B of the Master Drilling Contract, Minimum Insurance Requirements,

provides, in pertinent part:

CONTRACTOR SHALL OBTAIN AND MAINTAIN THE FOLLOWING
BASIC TYPES AND AMOUNTS OF INSURANCE DURING THE TERM
OF THIS AGREEMENT:

- WORKERS COMPENSATION (INCLUDING OCCUPATIONAL
  DISEASE AND FEDERAL BLACK LUNG) STATUTORY
- EMPLOYER'S LIABILITY (PER ACCIDENT) PER EMPLOYEE
  $1,000,000 AND $1,000,000 FOR DISEASE
- COMMERCIAL GENERAL LIABILITY (PER OCCURRENCE)
  BODILY INJURY AND PROPERTY DAMAGE $2,000,000 CSL
  (COMBINED SINGLE LIMIT)
- AUTOMOBILE LIABILITY (PER OCCURRENCE) BODILY
  INJURY AND PROPERTY DAMAGE $2,000,000 CSL
  (COMBINED SINGLE LIMIT)
- EXCESS OR UMBRELLA LIABILITY (PER OCCURRENCE)
  (INCLUSIVE OR ABOVE LIMITS) $5,000,000 (COMBINED
  SINGLE LIMIT)

CONTRACTUAL INDEMNITY INSURANCE PROVIDING COVERAGE OF OPERATOR GROUP FOR CONTRACTOR'S INDEMNITY OBLIGATIONS UNDER THE MDC.

THE POLICIES REQUIRED HEREIN ABOVE, OTHER THAN COVERAGE FOR WORKERS' COMPENSATION AND EMPLOYER'S LIABILITY, SHALL (A) LIST OPERATOR GROUP AS AN ADDITIONAL INSURED, INCLUDING COVERAGE FOR OPERATOR'S JOINT OR CONCURRENT NEGLIGENCE, (B) PROVIDE COVERAGE TO THE OPERATOR GROUP FOR CLAIMS MADE BY THE CONTRACTOR'S EMPLOYEES, AND (C) SHALL PROVIDE COVERAGE TO OPERATOR GROUP NOTWITHSTANDING CONTRACTOR BEING AFFORDED IMMUNITY FROM ITS EMPLOYEES' CLAIMS BY REASON OF BEING A SUBSCRIBER UNDER THE WORKERS COMPENSATION ACT.

ALL OF THE ABOVE INSURANCES SHALL BE (I) PRIMARY AND NON-CONTRIBUTORY, (II) WRITTEN ON AN OCCURRENCE BASIS, (III) MAINTAINED WITHOUT INTERRUPTION FROM THE DATE. OF THE MDC UNTIL THE EXPIRATION OR TERMINATION OF THE MDC, AND (IV) ISSUED FROM A REPUTABLE INSURANCE COMPANY WITH A MINIMUM FINANCIAL RATING FROM A. M. BEST OF A-, VII OR BETTER. THE. GENERAL LIABILITY, AUTOMOBILE LIABILITY, AND EXCESS OR. UMBRELLA LIABILITY INSURANCE SHALL CONTAIN A WAIVER OF SUBROGATION AGAINST OPERATOR GROUP.

CONTRACTOR SHALL PROVIDE OPERATOR, PRIOR TO EXECUTING THE MDC, WITH EITHER AN ENDORSEMENT TO THE POLICY NAMING CONSQL ENERGY INC. AND ITS SUBSIDIARIES, AFFILIATES, AND THEIR OFFICERS, DIRECTORS AND EMPLOYEES (THE CONSOL PARTIES) AS ADDITIONAL INSURED; OR A CERTIFICATE OF INSURANCE NAMING THE CONSOL PARTIES AS ADDITIONAL INSURED. **IF REQUIRED BY ISNETWORLD. CONTRACTOR SHALL PROVIDE TO ISNETWORLD EVIDENCE IN THE FORM OF COPIES OF INSURANCE ENDORSEMENTS OR CERTIFICATES OF INSURANCE ESTABLISHING THAT THE POLICIES REQUIRED HEREIN ABOVE (OTHER THAN COVERAGE FOR WORKERS' COMPENSATION AND EMPLOYER'S LIABILITY) INCLUDE A BLANKET ADDITIONAL INSURED ENDORSEMENT FOR CONTACTS BETWEEN CONTRACTOR AND COMPANY.** ALL POLICY ENDORSEMENTS OR APPLICABLE CERTIFICATES SHALL EVIDENCE THIS COVERAGE AND THESE TERMS AND

SHALL PROVIDE A CANCELLATION NOTICE THAT IS IN ACCORDANCE WITH POLICY PROVISIONS. [**Emphasis** original.]

36.     New Tech has also demanded defense and indemnity from CNX and/or Zurich pursuant to the New Tech MSA.

37.     The Exhibit D – Indemnity to the New Tech MSA provides, in pertinent part:

> Company shall indemnify, release, defend, and hold the Contractor, Contractor's subcontractors, and its and their parent, affiliates and subsidiary companies, their shareholders, officers, directors, agents, authorized representatives, and all their employees ("Contractor Group"), harmless from any and all claims for (I) damage to or loss of any property, equipment or vessels owned, leased, or provided by any member of Company Group, and/or (II) injury, illness, or death of any member of Company Group, even if caused, or alleged to have been caused, in whole or in part, by any condition of any property, including those claims and liabilities alleged or proven to involve Contractor Group's sole, joint or concurrent negligence. Company shall indemnify contractor parties for claims made by the Company's employees notwithstanding company being afforded immunity from its employee's claims by reason of being a subscriber under the workers compensation act.

38.     Halliburton has also demanded defense and indemnity from CNX and/or Zurich pursuant to the Halliburton MSA.

39.     The Halliburton MSA provides, in pertinent part:

> Client will be liable in any case of illness, injury or death, suffered by Client Group arising out of or relating to the performance of the Work and Client will release, indemnify, defend, and hold harmless HAL Group from and against any loss, cost, claim, obligation to indemnify another, suit, judgment, award or judgment (including reasonable attorney's fees) on account of any such illness, injury or death, whether or not caused or brought about by HAL Group's active, passive, sole or concurrent negligence (in any amount), strict liability, product liability, the unseaworthiness of any vessel, or other fault (except for HAL Group's Reckless Behavior, gross negligence or intentional misconduct).

40.     MPTS and its insurer, NAIC; BST and its insurer who is unknown at this time; FI and its insurer who is unknown at this time; the Millers; and the John Doe Underlying Defendants

#1-10, who are unknown at this time, have an interest in this controversy, such that disposition of this action in their absence may impair or impede their ability to protect such interest.

### III.    COUNT I

41.    Zurich restates Paragraphs 1 through 40 of its Complaint.

42.    The Broad Form Additional Insured – Blanket Automatic – Energy Endorsement of the Patterson Policy and the CNX Policy provides:

> A.    Section **II - Who Is An Insured** is amended to include as an additional insured:
>
> Any person or organization whom you are required to add as an additional insured on this policy under a written contract or written agreement, subject to the following provisions.
>
> a.    Such person or organization is an additional insured only to the extent such coverage is required by written contract or written agreement and only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:
>
> **(1)**    Your acts or omissions; or
>
> **(2)**    The acts or omissions of those acting on your behalf in the performance of your ongoing operations or "your work" as included in the "products-completed operations hazard", which is the subject of the written contract or written agreement; or
>
> b.    Such person or organization is an additional insured only with respect to liability for "bodily injury" to:
>
> (1)    Your "employee"; or
>
> (2)    An employee of a subcontractor acting on your behalf, but only to the extent:
>
> (a)    Coverage for "bodily injury" to your "employee" or an employee of subcontractors acting on your behalf, regardless of whose fault caused such injury, is required by written contract or written agreement; and

(b)     Such "bodily injury" arises in the performance of your ongoing operations or "your work" as included in the "products-completed operations hazard", which is the subject of the written contract or written agreement.

However, the insurance afforded to such additional insured:

(i)     Only applies to the extent permitted by law; and

(ii)    Will not be broader than that which you are required by the written contract or written agreement to provide for such additional insured.

43.     The Additional Insured – Automatic – Owners, Lessees Or Contractors Endorsement of the New Tech Policy provides, in pertinent part:

A.      Section **II – Who Is An Insured** is amended to include as an additional insured any person or organization whom you are required to add as an additional insured on this policy under a written contract or written agreement**.** Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

**1.**      Your acts or omissions; or
**2.**      The acts or omissions of those acting on your behalf,

in the performance of your ongoing operations or "your work" as included in the "products-completed operations hazard", which is the subject of the written contract or written agreement.

However, the insurance afforded to such additional insured:
**1.**      Only applies to the extent permitted by law; and
**2.**      Will not be broader than that which you are required by the written contract or written agreement to provide for such additional insured.

44.     Zurich is entitled to a declaration that it is not required to defend or indemnify CNX, CONSOL, New Tech, MPTS, and/or Halliburton as additional insureds under the Patterson Policy because coverage is precluded by the public policy of the State of Ohio and Ohio law, including but not limited to Ohio Rev. Code §§ 2305.31 and 4113.62.

45.     Zurich is entitled to a declaration that it is not required to defend or indemnify CNX, CONSOL, New Tech, MPTS, and/or Halliburton as additional insureds under the Patterson Policy because coverage is not required by written contract or written agreement.

46.     Zurich is entitled to a declaration that it is not required to defend or indemnify New Tech, MPTS, and/or Halliburton as additional insureds under the CNX Policy because coverage is precluded by the public policy of the State of Ohio and Ohio law, including but not limited to Ohio Rev. Code §§ 2305.31 and 4113.62.

47.     Zurich is entitled to a declaration that it is not required to defend or indemnify New Tech, MPTS, and/or Halliburton as additional insureds under the CNX Policy because coverage is not required by written contract or written agreement.

48.     Zurich is entitled to a declaration that it is not required to defend or indemnify CNX, CONSOL, MPTS, and/or Halliburton as additional insureds under the New Tech Policy (to the extent any such party seeks such coverage) because coverage is precluded by the public policy of the State of Ohio and Ohio law, including but not limited to Ohio Rev. Code §§ 2305.31 and 4113.62.

49.     Zurich is entitled to a declaration that it is not required to defend or indemnify CNX, CONSOL, New Tech, and/or Halliburton as additional insureds under the New Tech Policy (to the extent any such party seeks such coverage) because coverage is not required by written contract or written agreement.

WHEREFORE, Zurich respectfully demands the following relief:

1.  Declaratory judgment that Zurich is not required to defend or indemnify CNX, CONSOL, New Tech, MPTS, and/or Halliburton under the Patterson Policy;

2.  Declaratory judgment that Zurich is not required to defend or indemnify New Tech, MPTS, and Halliburton under the CNX Policy;

3. Declaratory judgment that Zurich is not required to defend or indemnify CNX, CONSOL, New Tech, MPTS, and/or Halliburton under the New Tech Policy;

4. Costs;

5. Reasonable attorneys' fees; and

6. Any other relief the Court deems equitable and just.

Respectfully submitted,

*/s/ Crystal L. Maluchnik*
STEVEN G. JANIK (0021934)
CRYSTAL L. MALUCHNIK (0077875)
JANIK L.L.P.
9200 South Hills Blvd., Suite 300
Cleveland, Ohio 44147
Tel: 440-838-7600 * Fax: 440-838-7601
Email: Steven.Janik@janiklaw.com
         Crystal.Maluchnik@janiklaw.com

BLAIR DANCY
Texas State Bar No: 24001235
*Motion for Pro Hac Vice Admission to be submitted*
bdancy@cstrial.com
CAIN & SKARNULIS PLLC
400 W. 15th Street, Suite 900
Austin, TX 78701
512-477-5000
512-477-5011 - Facsimile

*Attorneys for Plaintiff Zurich American Insurance Company*

## JURY DEMAND

Zurich American Insurance Company demands a trial by jury on all triable issues.

*/s/ Crystal L. Maluchnik*
CRYSTAL L. MALUCHNIK (0077875)
*One of the Attorneys for Plaintiff Zurich American Insurance Company*

862352                                    13